CHIEF JUSTICE SIMPSON
delivered the opinion op the court:
The principal question in this case is, whether when the appellee, Jesse, made his application to procure an insurance upon the dwelling-house which was subsequently destroyed by fire, he made such a representation of his title thereto as *526 would, had it been expressed in the policy, have clearly manifested its true nature and extent?
The importance of this inquiry becomes evident by adverting to some of the provisions of the charter under which the appellants have a corporate existence.
By the 2d section thereof, all persons who may at any time become interested in the company, by having their property insured therein, are to be deemed to be members thereof for and during the continuance of their policies.
By the 8th section, it is provided that every member of the company shall be bound to pay his proportion of all losses, and expenses incurred by the company during the time he is a member thereof, and that his right, title, and interest in the land on which the buildings insured are situated shall be pledged to the company, and that the company shall have a lien upon the same to secure its payment.
And by the 12th section it is provided that every policy of insurance issued by the company shall be deemed valid and binding, in all cases where the insured has a title in fee-simple, unincumbered, to the buildings insured, and to the land covered by the same; but if the insured have a less estate therein, the policy shall be void, unless the true title of the assured be expressed in the policy.
The property insured in this case belonged to the wife, and not to the husband, who procured the insurance in his own name. The nature of the title was not expressed in the policy, and for that reason it is insisted by the company that the policy is void.
The representation which the insured made concerning the title was, in answer to the question, “ have you a clear title to the property which you wish insured.” He states that the answer to this question was as follows, viz: “ It was the house and possessions of J. P. Foree, whose title was as good as any man’s in the country, and who was the father of my wife.” No further explanation was made concerning the title. He was then asked by the secretary of the company, as is proved by the latter, have you a clear title to the property ? To which *527 he answered yes, and the answer was so written in the application.
The secretary of the company states in his evidence that he did not understand from the foregoing answer that the property insured belonged to the wife of the applicant, but he thought “ the remark was made to show that the title was good and unquestionable.”
It is not very material, however, in what sense it was understood by the secretary of the company. The real question is, would it, if it had been inserted in the application, and thereby made part of the policy, have been sufficient to show the true nature of the title to the property ?
We have no difficulty in answering this inquiry. The question propounded had reference to the title of the applicant. According to the answer, his title was that which had belonged to J. P. Foree, whose title was as good as any man’s in the country, and who was the father of his wife. The plain and obvious meaning of the answer was, that the applicant was invested with the title of J. P. Foree, whose daughter he had married, and that the title was as good as any man’s in the country. The question had no reference to the title of the wife, nor did . the answer show that she was the owner of the property. The applicant represented himself as the owner of the property insured, and if his answer, in the very language it was made, had been inserted in the policy, it would not have expressed the true nature of his title.
It is argued, however, that the husband had an' insurable interest in the property, and had also a right to insure it for the benefit of his wife; and as the title was in her, it is not material whether it was so expressed in the policy or not.
The interest of the husband in the real estate of his wife is not a proper subject of insurance under the provisions of the charter of this company. He cannot create a permanent lien on the land on which the buildings insured are situated, to secure the payment of his proportion of the losses which may be sustained by the company during the continuance of his policy. His interest is contingent, and terminates upon his death. The lien would therefore be temporary in its character, *528 and of but little value. If his interest be insurable at all, it is only insurable in proportion to its value, and not upon the whole value of the property. Consequently he cannot insure the property of his wife in his own name, nor has he any right to insure it as his own property, to its full value, as he did in this instance.
It is said, however, that an insurance in the name of the wife will not create a lien upon her property, and therefore, according to this construction of the charter, her property cannot be insured by this company.
What effect an insurance in the name of the wife would have we are not called upon to decide in this case. If, however, the argument be correct, it only proves that the charter is defective, in not providing some mode by which an insurance on the property might be effected, so as to create the required lien. It could no doubt be created by a joint conveyance by the husband and wife, made expressly for that purpose, if in no other manner.
The charter evidently contemplates the creation of a lien by the act of insurance. The party assured can only create a lien upon his own title. The reason for requiring the true title of the assured to be expressed in the policy, when his estate in the property is less than a fee-simple, becomes obvious when this provision of the charter is considered. The person obtaining the insurance thereby becomes a member of the company, and unless he has aright, and is capable to create a lien on the property insured, or on his interest therein, the object contemplated by the charter will be defeated.
The estate of the assured in the property embraced by the policy was, in this case, less than a lee-simple. His true title was not expressed in the policy, nor would it have been had all that he said in relation to it been stated therein at length. By the express provisions of the charter, the polic3r was therefore void, and the company discharged from all liability upon it.
Wherefore, the judgment is reversed, and cause remanded with directions to dismiss the plaintiffs petition.