## EDWIN SHEARS *vs.* SETH DUSENBURY.

This clause, immediately following the description of land conveyed by deed, " A portion of the above described premises was set off on execution by A against B " on a certain day for a certain sum, " and this conveyance is made subject to the incumbrance of said execution," is an exception of the incumbrance of the execution, and not of the piece of land set off.

A judgment for the plaintiff in a writ of entry to foreclose a mortgage is conclusive in his favor against any title acquired by a defendant in that suit before it was commenced.

HOAR, J.  In an action of tort for breaking and entering the plaintiff's close, brought in the court of common pleas, a referee agreed on by the parties under a rule of court made an award in favor of the plaintiff, unless in the opinion of the court the title of the plaintiff, which he sets forth specifically in the award, was not sufficient to maintain the action.  The court of common pleas ordered judgment upon the award for the plaintiff, and the case comes before us upon an appeal.

Both parties claim under Samuel Shears.  The plaintiff's title was a deed, including the close in controversy, from Samuel Shears to him, dated and recorded March 17th 1852 ; a deed dated January 22d 1853, from the plaintiff to S. F. Dusenbury of the same premises ; which contained, immediately after the description of the premises, this clause : " A portion of the above described premises was set off on execution of Austin L. Scott against Samuel Shears on the 2d of October 1852, for the sum of $163.49, and this conveyance is made subject to the incumbrance of said execution, reference being had to the record thereof in ·the registry of deeds " &c. ; a mortgage of the same from S. F. Dusenbury to the plaintiff of the same date, referring to the preceding deed for a description of the granted premises ; and a judgment recovered by the plaintiff against the defendant and S. F. Dusenbury, upon a writ of entry to foreclose the mortgage, upon which a writ of possession issued on the 16th of March 1856, and the officer returned the delivery of seisin and possession to the plaintiff on the 26th of March 1856. The suit in which the judgment was rendered was commenced on the 11th of June 1855.

The defendant relied on an execution in favor of one Scott against Samuel Shears, dated October 6th 1852 ; a levy upon the premises in dispute, under said execution, on the 13th of October 1852; the attachment of the premises upon the original writ in the same suit in which the execution issued, dated October 8th 1849 ; and a deed from Scott to Dusenbury of the same, dated December 12th 1853, with parol evidence that the grantee in said deed was the defendant.

On examination of the deeds introduced by the plaintiff, it is evident that the exception of the execution was only of the incumbrance which it might create by reason of the attachment or levy, and not an exception, from the grant, of the piece of land which was set off on the execution to Scott. The plaintiff conveyed to S. F. Dusenbury the whole land, by a sufficient description, and took back a mortgage of the same, leaving the grantee in the deed and the mortgage respectively, to get rid of the title under the execution if he could, or to submit to it, but without any right to resort to his grantor upon his covenants.

The case then stands thus : Whatever title the defendant has, he had before the judgment which the plaintiff recovered upon his mortgage in 1856. If that judgment was conclusive against the defendant in favor of the title of the plaintiff to the close at that time, the defendant has acquired no new title since. We are of opinion that it was thus conclusive. It was recovered in a real action, in which the defendant was a party. He then had his day in court. If his title under the levy of the execution was a valid one, he had an opportunity to show it in bar of the action. The plaintiff declared against him as a disseisor, and the judgment settled the fact that he was seised wrongfully. The service of the writ of possession gave a seisin to the plaintiff against him; and he can set up no previous title in himself, inconsistent with the plaintiff's seisin so acquired. How the plaintiff came to join him as a defendant, or what title the plaintiff supposed or expected to prove that he had under S. F. Dusenbury, or what objections the plaintiff had to the validity of the execution, it is now too late, and the judgment makes it unnecessary to inquire.

25 *

The cases * cited by the defendant's counsel are only to the poir.t that the delivery of seisin by an officer upon a writ of possession gives no seisin against a person not a party to the judgment, without actual entry and ouster. But the defendant was a party to the judgment.

*Judgment for the plaintiff upon the award.*

*J. E. Field,* for the defendant.

*M. Wilcox,* for the plaintiff.

---

\* *Rott* v. *Burnell,* 9 Mass. 99, and 11 Mass. 163. *Blood* v. *Wood,* 1 Met. 528