† KIDDER *versus* ORCUTT.

The interest acquired by a judgment creditor in his levy on land, is not attachable during the year allowed by law for its redemption, nor will a levy of it as his property, during that time, prove available, although it may not be redeemed.

ON FACTS AGREED.

WRIT OF ENTRY.

One Lucius Doolittle having recovered a judgment against the demandant, on Dec. 24, 1852, levied the same on the premises, and seizin and possession were delivered to his attorney.

On March 9, 1853, the tenant having recovered a judgment against said Doolittle, levied the same on the premises as his property, and seizin and possession were then delivered to his attorney.

Both of the levies were duly returned and recorded.

On Oct. 17, 1853, Doolittle conveyed the same to one Drummond, who, on Sept. 1, 1854, conveyed the same to demandant.

The premises were not redeemed from either levy.

If the demandant, on these facts, is entitled to recover, a default to be entered; otherwise, a nonsuit.

*Smith,* for tenant.

*Drummond,* for demandant.

RICE, J. — All the real estate of a debtor, in possession, reversion or remainder, or fraudulently conveyed, or of which he had been colorably or fraudulently disseized, for the purpose of defrauding his creditors, and all right of entry into land, and the right of redeeming land mortgaged, may be taken in execution for his debts, *in the manner mentioned in this chapter*. R. S. c. 94, § 1.

All real estate which is liable to be taken in execution by the provisions of c. 94, may be attached on mesne process, and held as security, to satisfy the judgment, for damages and costs, which the plaintiff may recover. c. 114, § 30. The lien created by such attachment is continued thirty days after rendition of judgment, within which time the land may be seized in execution, to satisfy the judgment.

Where lands are taken in execution, the debtor may redeem the same at any time within one year after the levy, by paying or tendering to the creditor the sum at which they were appraised, and interest from the time of the levy, with the reasonable expenses incurred in improving the same, or in repairs, after deducting the rents and profits received by the creditor, or which he might have received, and with which he is chargeable. c. 94, § 25.

The facts in this case raise the question whether an execution creditor has an interest in the lands upon which he has levied his execution, before the expiration of a year from the date of his levy, which is subject to be levied upon, as his estate.

The demandant contends that he has not, but that his interest in the land, during the year following the levy, is precisely like that of a mortgagee, before foreclosure.

It is well settled that land under mortgage cannot be levied upon as the estate of the mortgagee, unless he shall have first entered upon the same. *Blanchard* v. *Colburn*, 16 Mass. 345; *McLaughlin* v. *Shepard*, 32 Maine, 143; *Coombs* v. *Warren*, 34 Maine, 89. Nor until the mortgage is finally foreclosed. *Eaton* v. *Whitney*, 3 Pick. 484; *Smith & ux.* v. *Peoples' Bank*, 22 Maine, 185.

All the title or interest which any manufacturing corporation or bank has in lands which have been mortgaged for security for any debt due, or assigned to such corporation or bank, may be seized and sold on execution, under provision of § 34 of c. 94. But this provision only applies to banks and manufacturing corporations.

That there is some analogy between lands under mortgage and those under attachment is apparent. Before levy that analogy is very strong. Until that time the land is held as security to the judgment which may be recovered upon the debt. But subsequent to the levy, the analogy is less striking. Though the right to redeem exists for a specified time, the legal title passes, at once, to the judgment creditor. By the levy the land is appropriated, at its appraised value, in *payment* of the debt. The creditor ceases to hold it as security for his debt, but holds it *instead* of his debt. He cannot, after seizin is delivered by the sheriff, under a lawful levy, waive that levy, and again resort to his judgment. *Lawrence* v. *Pond*, 17 Mass. 437.

When an execution is regularly levied on lands liable by law to this extent and duly returned and registered, and possession delivered by the sheriff to the creditor, he is to be considered as in the actual seizin and possession, and may by virtue thereof either maintain a real action, declaring on his own seizin, or he may maintain trespass against the tenant who shall continue his possession without the creditor's consent, or he may re-enter on him after the levy is completed. *Gore* v. *Brazier*, 3 Mass. 523; *Blood* v. *Wood*, 1 Met. 528; *Nickerson* v. *Whittier*, 20 Maine, 223.

A levy of an execution on lands, accepted by the creditor, is a statute purchase of the debtor's estate. *Crafts* v. *Ford*, 2 Maine, 414; *Gorham* v. *Blazo*, 2 Maine, 232; *Peabody* v. *Minot*, 24 Pick. 329.

This estate however, is not indefeasible, until the expiration of one year from the levy. During that time the debtor may, at his election, revest the title in himself, under the provisions of the statute.

From these distinctions between levies and mortgages, it is contended, that different results must follow, and that the rule which has been applied to real estate in the hands of mortgagees, before foreclosure, should not be applied to levies.

We do not find any case in which this question has been directly considered and judicially determined, though in the case of *Warren* v. *Ireland*, 29 Maine, 62, it was involved in the issue. In that case it did not, however, elicit any discussion, if indeed it attracted the attention of the Court.

Whether the same inconvenience would be experienced in levying on this species of property, as was found in attempts to levy on a mortgagee's interest in land, before foreclosure, it is not important to consider. But that very serious difficulties would be encountered is apparent.

A title to real estate by " statute purchase," can only be acquired by following strictly the provisions of the statute. Without statute provisions, title to real estate cannot be acquired by "statute purchase." Our statute gives no process by which real estate situated as was that in dispute, when levied upon by the tenant, can be taken in execution by levy. Consequently the proceedings, by the tenant, against Doolittle, were wholly unavailing, and gave him no rights as against the demandant.

According to the agreement, a default must be entered.