## DANA BRIGHAM *vs.* LINUS J. HUNT.

Franklin.    September 16, 1890. — October 23, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Real Action — Death of Demandant — Recovery of Rents and Profits by Administrator.*

The administrator of a deceased demandant in a writ of entry, who has not obtained a license to sell real estate, cannot appear and prosecute the action for the sole purpose of recovering the rents and profits of the demanded premises received by the tenant during the demandant's lifetime.

WRIT OF ENTRY, dated June 30, 1888, to recover certain parcels of land. Plea *nul disseisin.* At the trial in the Superior Court, without a jury, before *Mason, J.,* the following facts were admitted.

The demandant conveyed the premises to the tenant by a deed dated February 5, 1887, and the tenant had received the rents and profits of the demanded premises since that date. The demandant died on July 5, 1888, intestate, leaving heirs, and subsequently one Bridges, having been appointed the ad-

ministrator of his estate, suggested the death of the demandant upon the record, and moved that he be allowed to appear and prosecute the action, which motion was allowed. The administrator, who had not obtained leave to sell the demanded premises for the payment of debts, offered to prove that the tenant obtained the conveyance by fraud and undue influence, and contended that he had the right to maintain the action for the recovery of the mesne profits of the demanded premises from the time of the conveyance to the tenant to the death of his intestate.

The judge ruled, as matter of law, that the administrator could not prosecute the action for that purpose, and found for the tenant; and the administrator alleged exceptions.

*F. G. Fessenden,* (*D. W. Bond* with him,) for the administrator.

*S. O. Lamb,* for the tenant.

KNOWLTON, J. The only question presented by this bill of exceptions is whether, under our statutes, an administrator of a deceased demandant in a writ of entry can appear and prosecute the action for the sole purpose of recovering a judgment for the rents and profits of the premises received by the tenant during the lifetime of the demandant.

At the common law, upon the decease of the demandant in a real action, the writ was abated. *Cutts* v. *Haskins,* 11 Mass. 56. The right of the successor to the title to appear and prosecute such an action, after the death of the demandant, is strictly statutory. Heirs or devisees are the only, persons in whose favor this right was created. Pub. Sts. c. 165, §§ 14, 15, c. 173, § 12. There is no statute in this Commonwealth which enables an administrator, who has not been licensed to sell the real estate of his intestate, to appear and prosecute a real action. Whether, under the Pub. Sts. c. 134, § 15, an administrator who has obtained a license to sell real estate can be permitted to appear and assume the prosecution of a writ of entry, it is unnecessary in this case to decide, for no license has been granted. An administrator may bring a writ of entry to foreclose a mortgage. Whether he may also appear to prosecute a suit brought by his intestate for that purpose, we need not consider. See Pub. Sts. c. 133, § 6. But in a case like the present, it is clear that the statutory authority, without which

no one can assume the prosecution of a real action after the death of the demandant, does not exist.

There is nothing in our law from which authority in an administrator to maintain an action of this kind can be implied. The right to recover rents and profits under our statute is a mere incident to the right to the land itself. It is only when the demandant recovers judgment for the land that he may have " damages for the rents and profits of the premises from the time when his title accrued." Pub. Sts. c. 173, § 12. *Raymond* v. *Andrews,* 6 Cush. 265. *Richards* v. *Randall,* 4 Gray, 53. *Backus* v. *Chapman,* 111 Mass. 386. Prior to the enactment of the Revised Statutes, in 1835, rents and profits could not be recovered in this form of action; and now they can be recovered only in the manner which the statute prescribes. Except in cases where an administrator has been licensed to sell real estate to pay debts, or where real estate is held as security under a mortgage, an administrator has no interest in the lands of his intestate, and cannot maintain an action to recover them. He therefore has no rights which are merely incidental to the rights of a demandant who establishes his title in a real action. Ordinarily, an executor or administrator cannot appear and prosecute a suit unless he could have commenced a like suit if none had been begun by his testator or intestate. To enable him to maintain the suit, he should be entitled in his representative capacity to that which the suit is brought to recover. *Ferrin* v. *Kenney,* 10 Met. 294.

In what way the rents and profits should be recovered in a case of this kind is a question not now before us. There is strong ground for contending that, if the heirs had seasonably come in and prosecuted this suit, they might have recovered all the rents and profits to which their ancestor would have been entitled if he had not died. Whether they can now, in a new action, recover anything for the use of the property before his death, or whether the administrator can maintain an action of trespass for mesne profits which accrued prior to the death of his intestate, are questions on which we express no opinion.

*Exceptions overruled.*