CARQ E. HILLIKER *vs.* MELVILLE P. SIMPSON.

Penobscot.    Opinion April 26, 1899.

*Pleading.    Puis Darrein Continuance.    Plea in Bar.    Real Action.    Rents and Profits.    R. S., c. 104, § 11.*

(1) It is a well-settled rule of pleading that, after the filing of a plea puis darrein continuance, all former pleas are regarded as stricken from the record and everything is confessed except the matter contested by this plea.

(2) Under the rules of special pleading established in the earlier stages of the common law great technical exactness and certainty were undoubtedly required in both the form and substance of such a plea.

*Held;* in this case, that the defendant's plea, both in substance and in form, fulfills all the requirements indicated by the most approved forms, and obviates all the objections which have been held fatal in any of the cases to which the attention of the court has been called.

(3)　It is the established rule of law in this state that if, pending a real action, the title to the land and the right of possession become vested in the defendant by operation of law, without the concurrence of the plaintiff, this fact may be pleaded in bar of the further prosecution of the suit.

(4)　The right to recover damages for rents and profits is a mere incident to the right to the land itself; and *held;* that the plaintiff's right to recover rents and profits, in this action, is defeated by the failure of the suit itself.

(5)　Whether the character of the defendant's occupation was such as to entitle the plaintiff to recover her proportion of the income of the premises by virtue of R. S., ch. 95, § 20, or otherwise, is a question not now before the court.

ON EXCEPTIONS BY PLAINTIFF.

Real action to recover an undivided half of the homestead farm of George Simpson, the plaintiff's father, deceased, and which descended to her and the defendant as his heirs at law upon his death September 6, 1895, subject to the payment of debts and the widow's dower; also to recover two hundred dollars, yearly rents and profits received by the defendant. Writ dated August 3, 1897, returnable on the first Tuesday of October next following.

The administrator of George Simpson obtained at the May term, 1897, of the probate court, for Penobscot county, a license to sell the real estate described in the plaintiff's action and sold and conveyed the same to the defendant on November 3d, 1897. At the October term, when this action was entered in court, the defendant pleaded the general issue with a brief statement disclaiming title to the plaintiff's undivided half of the property, and alleging that he was in possession of the whole premises as tenant in common only with the plaintiff. The action was then continued to the next term of court, being the January term, 1898, when the defendant also filed the following special plea in bar:

"And now said defendant, Melville P. Simpson, at this day, to wit, on the 5th day of said term, the court in the exercise of its discretion permitting this plea to be filed at this term, comes and says that the said demandant ought not to have or further maintain her said action against him, because he says after plea filed by said defendant in this cause, and on the day of the last continuance of this cause, that is to say, on the twenty-sixth day of last October term of said court, being the third day of November,

A. D. 1897, from which day of said October term of this court
this cause was last continued, and before commencement of this
present term, to wit, at Levant, in said county of Penobscot, on
the said third day of November, A. D. 1897, at about the same
hour of said third day of November, 1897, that said continuance
of said cause actually took place, or, at all events, at an hour of
said third day of November, 1897, too late for the said defendant,
Melville P. Simpson, to have filed this plea in court, Simon G.
Jerrard, of said Levant, who was on said third day of November,
1897, the legal administrator of the goods and estate of George
Simpson, late of said Levant, deceased, duly and legally appointed
and qualified and acting as such administrator and clothed with
full and lawful power as such administrator, (said George Simp-
son having died, seized and possessed in fee simple of the whole
of the real estate described in said demandant's writ and declara-
tion, one undivided half of which, said demandant has brought
said action to recover) made, subject to widow's dower in his said
capacity to said defendant, Melville P. Simpson, a sale and deed,
in due and legal form of law, for a valuable consideration, to wit,
eight hundred and fifty dollars ($850.00) paid to said administra-
tor by said defendant, of all the real estate described in the said
demandant's writ and declaration, duly signed, sealed, acknowl-
edged and delivered to said defendant on said third day of Novem-
ber, A. D. 1897, and on the fourth day of November, 1897, duly
recorded in said Penobscot Registry of Deeds, Book 640, p. 212,
and here in court to be produced; said administrator having duly
and legally obtained a license to make such sale and conveyance
from the Honorable James H. Burgess, judge of probate, within
and for the said county of Penobscot, a court having jurisdiction
thereof, at the May term of said court, A. D. 1897, and said sale
and conveyance having been duly and legally made in pursuance
of said license and in accordance with law ; whereby and by force
of said sale, conveyance and deed from said administrator, said
defendant acquired title to all said real estate in fee simple, and
he, said defendant, became entitled thereby to the lawful and
exclusive possession and occupancy of the whole of said real

estate, and the title to all the said real estate on said third day of November, A. D. 1897, became vested in him, said defendant, in fee simple, and that ever since said third day of November, 1897, he has held and now holds said title to all said real estate in fee simple, and that he made said purchase of said real estate in good faith, and by reason of all the same on the third day of November, A. D. 1897, said demandant became and is wholly divested of all right to the title and interest in all said real estate, and to the seizin and possession of all said real estate, and this the said defendant is ready to verify; wherefore he prays judgment if the said demandant ought further to have or maintain her said action against him.    By his attorney,                    M. Laughlin."

The plaintiff demurred to this special plea in bar, but the court overruled the demurrer and sustained the plea.    To this ruling of the court the plaintiff was allowed his exceptions.

*D. D. Stewart*, for plaintiff.

Rents and profits must be declared for in this action.    *Pierce* v. *Strickland*, 25 Maine, 440; *Larrabee* v. *Lumbert*, 36 Maine, 443. This is done in the present case; and the amount due is not denied, but admitted.    The statutes of Maine and Mass. are alike, and provide that the demandant in a real action, who shows a legal title to the land, or the undivided part which he claims, and a right of entry, shall recover the land; and shall also be entitled to recover in the same suit, "damages for rents and profits of the premises from the time when his title accrued."    R. S., c. 104, §§ 1 to 11.    This statute is made in terms to apply between tenants in common.    Ib. §§ 10, 11.

A plea puis darrein continuance operates as an abandonment of all former pleas, and is an admission of all the allegations in the demandant's writ, and everything is "confessed except the matter contested by the plea puis."    *McKeen* v. *Parker*, 51 Maine, 391– 2; *Jewett* v. *Jewett*, 58 Maine, 234–236; *Morse* v. *Small*, 73 Maine, 565; *Augusta* v. *Moulton*, 75 Maine, 551, 556; *Field* v. *Cappers*, 81 Maine, 36, 37; *Shorey* v. *Chandler*, 80 Maine, 411, 412; *Dunn* v. *Hill*, M. & Wels. 470, 471, 474.    The disseizin of the demandant by the defendant, and the rents and profits due her

from him under the statute, from the time her title accrued to the date of the writ, are confessed and admitted.

Special plea in bar: In *Jewett* v. *Jewett*, supra, this court says: "A plea puis darrein continuance requires extreme certainty. Such a plea must show facts happening after the last continuance, and the time and place when the defense arose." In *Field* v. *Cappers*, supra, a receipt in full settlement and discharge of the claims in suit was given by the plaintiff to the defendant while the suit was pending in court, the money having been paid to him. The defendant filed a plea puis darrein continuance to which the plaintiff demurred. PETERS, C. J., in delivering the opinion of the court said: "Great certainty is required in pleas of this description, both in substance and form. . . . . The plea here is defective in that no place is alleged where the release was made and delivered; time and place should be alleged." And it was held bad upon general demurrer.

The demandant's title comes by descent from her father. She takes as his heir. The defendant in this plea attempts to claim her inheritance under an alleged conveyance by an administrator on her father's estate. He must show that every step required by the statute has been strictly complied with. He must allege in his plea every thing which the statute requires to be done, in order to divest the title of the heir. He must show that the condition of the estate required a sale of the real estate, and then that every act required by the statute has been punctiliously complied with in making the sale. In *Alexander* v. *Pitts*, 7 Cush. 505, the supreme court of Massachusetts said: "It is of great importance to the rights of property, that positive regulations of statute, which authorize its seizure and sale, without the consent of the owner, should be strictly complied with. . . . It is upon this principle that sales of real estate by executors and administrators for the payment of debts under a license of court, have uniformly been held invalid, as against those whose interests are affected thereby, unless every essential requisite and direction of law have been faithfully complied with."

Plea defective:

1.   There is no allegation of time or place as to the appointment of Simon G. Jerrard as administrator; nor by what court, nor in what county.   An important and traversable fact.   No allegation that he gave any bond as administrator, or to account for the proceeds of the alleged sale, or took any oath before making the alleged sale:

2.   No allegation that George Simpson owed a dollar to anybody:

3.   None that the sale was made in order to pay his debts, or charges of administration:

4.   None that the supposed administrator petitioned any probate court for license to sell : or

5.   None that any notice of sale was given the plaintiff, or anybody else, or was ever published in any newspaper, or was ever ordered by any probate court:

6.   No sufficient allegation of time, place or court, when or where, license to sell was obtained.   *State* v. *Hanson,* 39 Maine, 341.   All important and traversable facts:

7.   No allegation that he did not leave personal estate:

8.   No allegation that he did not leave personal estate enough to pay his debts and expenses of administration:

9.   The homestead farm contained 122 1-2 acres as the writ and pleadings show.   No allegation, or reason shown, for selling the whole of it by the alleged administrator:

10.   No allegation that the sale of part would injure residue:

11.   No allegation whether the sale was public or private. Nothing in the plea to show :

12.   No allegation of the place where said alleged deed was delivered by said Jerrard to said defendant.   *Field* v. *Cappers,* 81 Maine, 37 :

13.   As Chief Justice PETERS said in *Field* v. *Cappers,* supra: " The plea is defective in that it does not state the day of the last continuance " except in an " uncertain, involved and confused ". way:

14.   No part of the plea shows any legal ground or reason for the alleged sale:

15. The plea does not show that the provisions of the statute, or its requirements relating to the sale of real estate by an administrator, were complied with or executed, and it is therefore bad.

It is elementary law, both common and statute, that no sale of real estate can be lawfully made until it is shown that the personal estate is insufficient to pay the debts of the deceased, and the charges of administration. There is no such· allegation in this plea. *Drinkwater* v. *Drinkwater*, 4 Mass. 358 ; *Ricard* v. *Williams*, 7 Wheat. 114.

The special plea in bar must answer every part of the declaration. In this suit the plaintiff demands of the defendant her land that descended to her from her father, and the rents and profits received by the defendant from it for nearly two years amounting to about $400. He admits that she is entitled to recover upon both grounds and for both causes, unless he can protect himself under his plea. But there is no allegation in the plea that the supposed administrator did, or could transfer and sell to the defendant any thing more than the real estate. The plea, therefore, is no sufficient answer to the declaration, and is bad upon demurrer. *Augusta* v. *Moulton*, 75 Maine, 551, 556 ; *Tufts* v. *Maines*, 51 Maine, 394; *Jackson* v. *Davenport*, 18 Johns. 295, 302 ; Adams on Ejectment, 34.

No title can be acquired by a defendant, or tenant, after the commencement of a suit, which can defeat the suit, except such title comes through the act or consent of the demandant. In · *Andrews* v. *Hooper*, 13 Mass. 476, Mr. Justice Wilde, in delivering the opinion of the court said : " Nor can the tenant be permitted to set up a title made since the commencement of the present action. The evidence of a title thus acquired has been, I believe, uniformly rejected in our courts. A different course would operate unequally and unjustly by enabling the tenant to fortify a defective title, and avoid the payment of costs for which he might be otherwise liable, and which, in the course of an expensive suit, might even exceed the value of the land in litigation." This was the common law in Massachusetts in 1816, when we were a part of that state.

In *Jewett* v. *Felker*, 2 Maine, 340, MELLEN, C. J., said: "It is a well-settled principle that a tenant cannot defeat a demandant's action by purchasing in a title after the commencement of the action, unless such purchase be made of the demandant, or with his concurrence or consent," and referring to the case just quoted.

This was the common law of Maine in 1823—in a case in Somerset county. In *Parlin* v. *Haynes*, 5 Maine, 180, a case in Penobscot county, the same learned judge, in delivering the opinion of the court, quoted at length the foregoing extract from *Andrews* v. *Hooper*, 13 Mass. 476, and then added: "We admit that a conveyance of the demanded premises by the demandant directly to the tenant, is a fair exception from the general rule and would constitute a good plea in bar." But the court refused to admit a deed from the demandant to a third person, after action brought, and from such third person to the tenant.

The doctrine of *Andrews* v. *Hooper*, is approved by this court in *Manning* v. *Laboree*, 33 Maine, 347, by HOWARD, J.—quoted at full length again in *Chick* v. *Rollins*, 44 Maine, 114, by TENNEY, C. J.—by APPLETON, J., in *Larrabee* v. *Lumbert*, 36 Maine, 446, who said: "In real actions the rights of the parties are to be determined upon the state of the title at the time of the demandant's suing out his writ. Neither the plaintiff, for maintaining his title, nor the tenant in sustaining his defense, can invoke the aid of a subsequently acquired title." In *Clark* v. *Pratt*, 55 Maine, 549, this learned justice of this court reaffirmed the same principles, excepting only the case where the tenant after the commencement of the action purchases directly from the demandant.

In *Tainter* v. *Hemenway*, 7 Cush. 573, the supreme court of Massachusetts maintains the same doctrine. In the leading case of *Curtis* v. *Francis*, 9 Cush. 455, 456, Shaw, C. J., repeats these principles, and reaffirms them, citing at length *Andrews* v. *Hooper*, supra. They are reaffirmed in *Hall* v. *Bell*, 6 Met. 433; *Weston* v. *Spiller*, 2 Allen, 126 ; and in *Hooper* v. *Bridgewater*, 102 Mass. 512. Against this vast weight of authority stands *Leavitt* v. *School Dist. in Harpswell*, 78 Maine, 574,—and this court must determine which it will follow. In the case last cited, not one of

the foregoing authorities are referred to in the opinion, and none like it are cited—the only case mentioned being *Rowell* v. *Hayden*, 40 Maine, 582, in which the act of the demandant in conveying away the property after suit brought, was held to defeat his action. Nor was any notice taken of *Hooper* v. *Bridgewater*, 102 Mass. 512, a case exactly like *Leavitt* v. *School Dist. in Harpswell*, supra, and decided the other way by the supreme court of Massachusetts.

*M. Laughlin*, for defendant.

The defendant having filed a plea at the October term under R. S., c. 104, § 6, any new matter arising subsequently to that, although during the October term, would have to be pleaded puis darrein continuance, because in the language of RICE, J., in *Rowell* v. *Hayden*, 40 Maine, 385, the new matter would not then have arisen "before plea." Andrews' Stephen on Pleading, p. 156, says: "A plea since the last continuance is always pleaded by way of substitution for the former plea, on which no proceeding is afterwards had." "When the defendant at the common law within the time prescribed pleads the single plea allowed him, he is, as a rule, confined in his defense to the matter contained in that plea; he cannot withdraw the plea filed and substitute another as the cause progresses, but if any matter of defense arises after issue joined, whether in fact or in law, the defendant is at liberty to plead it." 18 Am. & Eng. Ency. p. 517. Plaintiff cannot take advantage of failure to plead puis darrein continuance in proper time by demurrer; it must be taken advantage of by motion to dismiss. *Rowell* v. *Hayden*, 40 Maine, 585. It is discretionary with the court to receive the plea, even after more than one continuance has intervened. 1 Chitty, Pleading, *660, note 2; 18 Am. & Eng. Ency. p. 517. In this case the plea opens with the statement (admitted to be true by the demurrer) that the court in the exercise of its discretion permitted the plea to be filed.

The conveyance to the tenant by an administrator during the pendency of the action was tantamount to a conveyance direct from the heir, (the demandant) to the tenant; consequently, this case falls within the rule adopted in *Clark* v. *Pratt*, 55 Maine, 546–549, and in *Parlin* v. *Haynes*, 5 Maine, 178–180. The

demandant took her title by virtue of the statute, which says, "Real estate of a person deceased intestate being subject to payment of debts, etc., descends, etc.," R. S., c. 75, § 1; Laws of 1895, c. 157. When she commenced her action she not only knew she was liable to be divested of her title by an administrator's conveyance, but she knew, or in law is presumed to have known, what the plea alleges, that license for sale was granted more than two months before date of writ. It is only when the demandant recovers judgment for the land that he may have damages for the rents and profits of the premises from the time when his title accrued. *Brigham* v. *Hunt*, 152 Mass. 257. If plaintiff had any right to maintain any action for rents and profits, she should have proceeded not by writ of entry, but either under § 20, of c. 95, R. S., or by the form of action allowable under the rules prescribed in *Richardson* v. *Richardson*, 72 Maine, 406, and *Cutler* v. *Currier*, 54 Maine, 81. Between heirs where there is no question of disseizin, or adverse possession, the bringing of a real action is not proper and should not be encouraged; petition for partition should be instituted, or some action as above suggested.

If the tenant had gone to trial upon his first plea of non tenure under the provisions of R. S., c. 104, § 6, and had prevailed upon that plea as he surely would have done, then clearly the demandant's action would have been defeated, and she could not have recovered for rents and profits. No provision is anywhere made whereby a demandant can recover judgment for rents and profits without first having recovered judgment for the land itself.

SITTING: HASKELL, WHITEHOUSE, WISWELL, SAVAGE, FOGLER, JJ.

WHITEHOUSE, J. This is a writ of entry whereby the plaintiff seeks to recover an undivided half of the homestead farm of George Simpson, which, at his death on September 6, 1895, descended to the plaintiff and defendant as his heirs at law, subject to the payment of debts, and to the widow's dower. The writ bears date August 3, 1897, and was duly entered at the October

term, 1897, of the Supreme Judicial Court for Penobscot county, to which it was made returnable.

At the return term the defendant appeared and filed his plea of the general issue with a brief statement disclaiming any right, title or interest in the plaintiff's undivided half of the property, and averring that he was in possession of the whole of the premises only as a tenant in common with the plaintiff, as he had a lawful right to be.

At the following January term of the court, the defendant also filed a special plea in bar of the further prosecution of the suit. In this plea, puis darrein continuance, the defendant avers that on the third day of November, 1897, after the filing of the general issue and brief statement above named, and on the day of the last continuance of the cause, at the October term of the court, the administrator on the estate of George Simpson, by virtue of a license therefor, granted by the probate court of Penobscot county, at the preceding May term thereof, sold and conveyed to the defendant, subject to the widow's dower, the entire homestead described in the plaintiff's writ, by deed duly executed and delivered on that day, in consideration of the sum of $850; and that thereby the plaintiff was divested of her title to one undivided half of the property described in the writ, and that the defendant thereby acquired title to the whole property and the right to the exclusive possession and occupancy of it.

It is a well-settled rule of pleading that a plea puis darrein continuance operates as an abandonment of all former pleas, on which no proceedings are afterwards had. After the filing of such a plea, in contemplation of law all previous pleas are stricken from the record, and everything is confessed except the matter contested by this plea. *McKeen* v. *Parker,* 51 Maine, 389; *Kimball* v. *Huntington,* 10 Wend. 675, (25 Am. Dec. 590); 1 Chitty on Plead. 690; Stephen on Plead. (1867) 66.

The plaintiff's counsel thereupon filed a general demurrer to the defendant's plea in this case. The presiding judge overruled the demurrer and the case comes to this court on exceptions to this ruling.

In support of the exceptions the plaintiff contends that the plea of the defendant, puis darrein continuance, is bad in form for fifteen different reasons specified in argument.

I.   It is undoubtedly true that, under the rules of special pleading, established in the earlier stages of the common law, great technical exactness and certainty were required in both the form and substance of such a plea.   But after a careful examination of the defendant's plea in this case, it seems to fulfill all the requirements indicated by the forms approved for a century past, and to obviate all the objections which have been held fatal in any of the cases to which the attention of the court has been called.   It sets out with clearness and precision the facts happening after the last continuance, or the filing of the former plea, upon which the defendant relies, and definitely shows the time and place, when and where, the defense arose.   It recites with detailed accuracy the facts respecting the last continuance of the cause and the time of filing the plea, and specifies the time and place of the execution and delivery of the deed from the administrator to the defendant, and the fact that it was recorded and the time and place of the record.   It states that the administrator was duly and legally appointed and qualified to act in that capacity, and that the license for the sale of this property was legally granted by the court of probate in the county of Penobscot having jurisdiction of the matter; that the sale and conveyance were legally made by the administrator in pursuance of the terms of said license and in accordance with the requirements of law, and that the defendant was a purchaser in good faith for a valuable consideration; that the plaintiff thereby became divested of all her right and title to said real estate, and that the defendant thereby acquired title to the whole of it in fee simple.   It was not incumbent upon the pleader to recite the proceedings of the probate court with any greater particularity, nor to state the evidence upon which that court based its conclusions of fact respecting the conditions of the estate and the duty of granting a license to sell the realty.   It is accordingly the opinion of this court that the plaintiff's objections to the form of the plea ought not to prevail.

II.  But the plaintiff earnestly contends further, that if not defective in form, the plea in question must be held bad in substance on the ground that the prosecution of her suit cannot be barred by a title acquired by the defendant after the commencement of the suit, unless obtained through the act or consent of the plaintiff.

It must be admitted that the learned counsel for the plaintiff was enabled to present numerous authorities from other jurisdictions which would ordinarily be entitled to great respect, as well as some decisions in the earlier history of this court, which tend strongly to support this contention.  But in the more recent case of *Leavitt* v. *School District*, 78 Maine, 574, this court established the rule that if, pending a real action, the title to the land and the right of possession became vested in the defendant by operation of law without the concurrence of the plaintiff, this fact may be pleaded in bar of the further prosecution of the suit.  In that case all of the leading authorities now cited by the counsel for the plaintiff were presented to the court in the argument of counsel, including the strikingly similar case of *Hooper* v. *Bridgewater*, 102 Mass. 512, in which the opposite view was adopted.  But in a course of independent reasoning this court reached the conclusion above stated upon grounds deemed more in harmony with the obvious purpose of judicial proceedings, and more practical and satisfactory than those given for a contrary rule in the precedents cited.  We find no occasion to question the soundness of that decision.  "Why," said the court, "should the plaintiff recover the possession of land after his right to the possession is extinguished, and it is certain that he cannot hold it if it is given to him?  And why should the defendant be deprived of the possession after he has in a lawful manner become the owner of the land, and entitled to the possession of it?  It is believed no good reason can be given.

"It is perfectly well settled that such a defense  .  .  .  .  must be specially pleaded.  And it  .  .  .  .  can be pleaded only in bar of the further prosecution of the suit.  The effect then is not to defeat the suit ab initio, but to stay its further prosecu-

tion; in which case the plaintiff will recover his costs up to the time of the filing of the plea, and the defendant will recover his costs incurred subsequently. In one sense, such a plea may be said to divide the suit into two actions, in the first of which the the plaintiff is the prevailing party and entitled to costs, and in the second of which the defendant is the prevailing party and entitled to costs. This result avoids all supposed hardships, and deals out to both parties even-handed justice . . . ."

These considerations are peculiarly applicable and the absence of any hardships to the plaintiff especially marked in the case at bar; for here the plaintiff received her title to one undivided half of the property under a statute which especially declares the descent of real estate to be subject to the payment of debts, and she presumptively knew that a license for the sale of the homestead in question had been obtained by the administrator more than two months before the commencement of her action. There is therefore no temptation to depreciate the just value of the maxim, stare decisis et non quieta movere.

III. Finally, however, it is suggested that the defendant's plea is inadequate as the basis of a complete defense, because it fails to make any response to the claim in the plaintiff's writ to recover damages for the rents and profits of the demanded premises.

But the right to recover damages for rents and profits is a mere incident to the right to the land itself. Under our statute it is only when the plaintiff "recovers judgment in a writ of entry" that "he may therein recover damages for the rents and profits of the premises from the time when his title accrued." Rev. Stat. ch. 104. § 11. *Brigham* v. *Hunt*, 152 Mass. 257. According to the averments in the defendant's plea the plaintiff based her action on a defeasible title, and pending the action was by operation of law divested of her title and barred of the further prosecution of her suit. Her right to recover rents and profits in this action was thus defeated by the failure of the suit itself.

Whether the character of the defendant's occupation was such as to entitle the plaintiff to recover her proportion of the income

of the premises by virtue of Rev. Stat. ch. 95, § 20, or otherwise, is a question not now before the court.

It is the opinion of the court that, upon the pleadings now before the court in the case at bar, the judgment must be against the further maintenance of the plaintiff's suit.

*Exceptions overruled.*