## HENRY F. ROONEY *v.* JOHN YOUNG.

Norfolk, July, 1906.

*Writ of Entry — Action for Possession under R. L., Chap. 178, Sec. 47 — Review of the Earlier Statutes — Levy after Special Attachment — Survival of Action — Right of Grantee to Prosecute.*

This is a writ of entry originally brought under the provisions of R. L., Chapter 178, Sec. 47 by one Rooney, a purchaser at execution sale of land specially attached as fraudulently standing of record in the name of a person other than the judgment debtor, to recover possession of said land from the holder of the record title. After this action had been brought said Rooney died intestate leaving as his only heir his mother, who subsequently made a deed of said land to one Donovan, together with an assignment of this chose in action, and said Donovan now moves for leave to appear and prosecute the action in his own name as demandant.

Two difficulties present themselves at the outset, one the language of section 9 of R. L., Chapter 171, and the other the decision in Hunt *v.* Mann, 132 Mass. 53.

In Hunt *v.* Mann it was held that a grantee of a purchaser at such an execution sale could not maintain a writ of entry. The law under which Hunt *v.* Mann was decided has, however, been materially altered by statute. One, and in itself conclusive, consideration for the decision in Hunt *v.* Mann was the fact that under the law as it then stood a deed given by a disseizee, not delivered on the land, was not valid as against the disseizor and those claiming under

him. Barry *v.* Adams, 3 Allen, 493·; Dadmun *v.* Lamson, 9 Allen, 85; Harrison *v.* Dolan, 172 Mass. 395. This was changed, however, by Chap. 354 of the acts of 1891, now R. L., Chap. 127, Sec. 6, and one ground for the decision in Hunt *v.* Mann is thereby eliminated.

The decision in Hunt *v.* Mann was also based upon the fact that the statute then in force as to execution sales provided for the bringing of an action to recover possession by the purchaser alone. Gen. Stat., Chap. 103, Sec. 48. The levy of an execution upon the lands of a debtor served as a legal ouster of the debtor, but the levy by sale of an execution against the debtor upon the lands of a third party, while it served to convey any interest of the debtor, clearly would not oust the actual tenant. Unless expressly provided for by statute, no right of entry would therefore accrue. Blood *v.* Wood, 1 Met. 528; Howe *v.* Bishop, 3 Met. 26. The right to levy at all on property in the possession of some one other than the debtor was first conferred by Rev. Stat., Chapter 73, Sec. 1. Prior to that time the levy was an actual levy upon the land, and seizin, symbolical or physical, was delivered. Acts of 1783 Chap. 57; Gore *v.* Brazier, 3 Mass. 523; Blood *v.* Wood, 1 Met. 528, 534. There was no express statutory provision for levying on land of a debtor the record title to which, however, had been fraudulently conveyed away by him, though this could apparently be done without any explicit provision therefor. Report of the Commissioners on the Revision of 1834, Notes to Chapter 73. Such express provision was accordingly made, and the further right was added to levy on a right of entry, with a section providing a mode by which a creditor so levying might try his title, if disputed. Rev. Stat., Chap. 73, Sec. 1 and 16, and Notes of the Commissioners thereon. In 1844, to meet the decision in Howe *v.* Bishop, *supra,* this right was further extended to include real estate purchased by a debtor, with the record title placed for fraudulent pur-

poses in another, but the right of action in such case was restricted to the execution creditor. Acts of 1844, Chapter 107; Livermore v. Boutelle, 11 Gray 217. When the General Statutes were passed the right was still further extended to cover dry trusts, (not theretofore liable to execution, see Russell v. Lewis, 2 Pick. 508), and provision was also made for levy by sale in case of equities of redemption, and for an action for recovery by a purchaser at such sale as well as by the execution creditor. These latter two changes were made to meet the decision in Foster v. Durant, 2 Gray, 538. Gen. Stat. Chap. 103, Sec. 1 and 48, and Notes of the Commissioners on the Revision of 1860. In 1874 execution by sale was extended from equities of redemption to all interests in land, and the right and necessity of bringing action for recovery in case of fraudulent titles was extended to include the purchaser. Acts of 1874, Chap. 188. It was under the provision of this statute that the decision in Hunt v. Mann was made.

In the Revision of 1882 no change was made in the law as it stood under the act of 1874, (Pub. Stat., Chap. 172, Sec. 1, 49), but Hunt v. Mann, though decided under the provisions of the Act of 1874, was not published until after the revision of 1882. Then came the Act of 1891 validating the deed of a disseizee, and in 1902 the addition in Section 47 of Chapter 178 of the Revised Laws of the words " or by any person lawfully claiming under him " expressly inserted in accordance with the Commissioners understanding of the intent of the Act of 1891 to meet the decision in Hunt v. Mann. See the Report of the Commissioners on the Revision of 1902. This last change in the law seems to have escaped the attention of the learned author of the Notes on the Statutes, and Hunt v. Mann has been brought forward from the " Notes on the Public Statutes," as apparently applying to the present statute. Crocker, Notes on the Revised Laws, p. 765.

The second difficulty is in regard to the survival of the action. At common law a writ of entry abated on the death of the demandant. Cutts *v.* Haskins, 11 Mass. 56; Brigham *v.* Hunt, 152 Mass. 257. So far as abatement existed purely as a bar raised by the old common law pleading, when an heir, though he could not bring a writ sur disseizin, could nevertheless bring one cum titulo, or resort to a writ of right, though he must not bring a writ in the per if the tenant was in in the post, all such reasons for abatement disappeared in Massachusetts on the adoption of the present statutory writ, which includes all of the old forms including the writ of right. Jackson on Real Actions, p. 31, *et seq.*

In 1826 it was provided that the demandant's heir " or such other person as would in case the action were abated be entitled to commence the like action may on motion be permitted to prosecute." Acts of 1826 Chap. 70. This was held to unquestionably cover the case of a grantee of a devisee. Sacket *v.* Wheaton, 17 Pick. 103. In the Revision of 1836, however, the clause quoted was omitted, and provision was made for survival to the heir alone and that within a limited time. Rev. Stat. Chap. 93, Sec. 14; Chap. 101, Sec. 12. This restriction of the right was held to be intentional and exclusive. Brown *v.* Wells, 12 Met. 501; Drake *v.* Curtis, 1 Cush. 395. By the practice act of 1852 devisees on the death of a demandant were admitted to prosecute, and in the revision of 1860 devisees were, in conformity to this statute, added to heirs in relation to such actions. Acts of 1852, Chap. 312, Sec. 55; Gen. Stat., Chap. 127, Sec. 13 *et seq;* Chap. 134, Sec. 11; Notes of Commissioners on the Revision of 1860. Substantially the same provisions were carried forward in the Public Statutes, and in the Revised Laws. Pub. Stat., Chap. 165, Sec. 14, Chap. 173, Sec. 11; R. L., Chap. 171, Sec. 9, Chap. 179, Sec. 11. These sections do not provide for the grantee of an heir or

devisee, and to the latter, at least under the provisions of the Public Statutes, the right has been held to be strictly limited. Brigham v. Hunt, 152 Mass. 257. The case at bar is not an action, however, that is brought by a grantee, or to which a grantee seeks to be admitted by virtue of the statutes relating to the survival of actions. ·The action was duly and properly brought by the purchaser, Rooney. On his death the right of action survived to his heir. By the statute of 1891 the interest of the debtor on the land taken under the execution by Rooney, and inherited by his mother, passed by her deed to Donovan, by whom, under the Revised Laws, all actions to recover possession both could and must be maintained in order to validate the execution sale. The suit must be commenced within one year after the return day of the execution, and it must not only be commenced but must thereafter be prosecuted with effect. Cunniff v. Parker, 149 Mass. 152. Moreover by the provisions of Chap. 402 of the Acts of 1897 (R. L., Chap. 173, Sec. 4), the assignee of a non-negotiable chose in action is now expressly permitted to " maintain an action thereon in his own name." The theory of the statute admitting another to prosecute is simply that the one so admitted is, in contemplation of the law, himself a demandant, one who has succeeded to the right of entry. Butrick v. Tilton, 155 Mass. 461.

Even under the law as it stood at the time of the decision in Hunt v. Mann the Court queried whether the demandant, though his deed was void as a conveyance of title to the land, could not bring an action in the name of the purchaser at the sale. In the case at bar not only was the deed valid, but there was in terms an assignment of the chose in action. The question whether the grantee of an heir could bring the action is not presented. The action was duly brought by the purchaser, must under the statute be duly prosecuted,

survived to the heir, was assignable by the heir, was so assigned, and I think that the assignee can now in the language of the Act of 1897 " maintain an action thereon in his own name."

Motion allowed.